# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CLIFTON WARNER,
ADC #651119                                                                                              PLAINTIFF

V.                                           4:09CV00091 JLH/JTR

STATE OF ARKANSAS; and
UNIVERSITY OF ARKANSAS MEDICAL SCIENCES                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the
    United States District Judge was not offered at the hearing before the

      Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Clifton Warner, has filed a *pro se* § 1983 Complaint alleging claims that arose while he was incarcerated in the Grimes Unit of the Arkansas Department of Correction ("ADC"). *See* docket entries #2 and #5. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, because Plaintiff has failed to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed"

## II. Discussion

In his Complaint, Plaintiff alleges that, for the past three years, *unspecified* prison healthcare workers have failed to provide him with adequate medical care for a sexually transmitted disease and problems with his feet, right knee, right hand, and penis. *See* docket entry #2. Plaintiff has named as Defendants only the "State of Arkansas" and the "University of Arkansas for Medical Sciences." Importantly, Plaintiff does *not* contend that prison officials ever took him to UAMS for medical treatment. Rather, he asks the Court to order prison officials to take him to UAMS for unspecified medical treatment, and to award monetary damages to him for his pain and suffering due to his lack of appropriate medical care. *Id.*

The State, and its agencies, are not "persons" amenable to suit under § 1983 for damages or injunctive relief. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70 (1989); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Similarly, "UAMS is merely a department of the University of Arkansas and, as such, is not an entity that can sue or be sued." *Univ. of Ark. for Med. Sciences v. Adams*, 117 S.W.3d 588, 590 (Ark. 2003) (dismissing a state medical malpractice action); *see also Assaad-Faltas v. Univ. of Ark. for Med. Sciences*, 708 F.Supp. 1026, 1029 (E.D. Ark. 1989), *aff'd* 902 F.2d 1572 (1990) (dismissing a § 1983 action). Thus, the State of Arkansas and UAMS are not proper Defendants in this action.

Although he has been given the opportunity to do so, Plaintiff has not filed an Amended Complaint naming as Defendants the individual prison healthcare workers who failed to provide him with adequate medical care.[2]  Accordingly, this case should be dismissed, without prejudice, because

---

and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] On February 11, 2009, the Court issued an Order: (1) explaining to Plaintiff that the State of Arkansas and UAMS were not proper Defendants; and (2) giving him thirty days to file an

Plaintiff has failed to state a valid claim for relief.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § 1983 is be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 19th day of March, 2009

_____
UNITED STATES MAGISTRATE JUDGE

---

Amended Complaint naming, as Defendants, the individual prison healthcare workers who failed to provide him with adequate medical care. *See* docket entry #3. Plaintiff has not filed a Amended Complaint, and the time for doing so has expired.